ORDER OF RELEASE
GARY P. SULLIVAN, Chief Justice.
Autumn Black Cloud, (hereafter “Autumn”) petitions this Court for a Writ of Habeas Coi-pus following a denial of her Writ of Habeas Corpus in the Tribal Court. We grant the Writ and order Autumn’s immediate release from custody.
Autumn entered into a plea agreement wherein she pled guilty to one count of Criminal Complicity (Burglary), a violation of Title VII CCOJ§ 120. In exchange for her plea she was sentenced to “90 days fíat / Suspended for 180 days of Probation”. As part of the stipulation she was to testify for the prosecution against the other defendants. The agreement was signed on August 21, 2001.
On January 15, 2002, Autumn appeared in Court[1] and was personally served with a summons in the nature of an Order to Show' Cause, ordering her appearance on January 23, 2002. Autumn failed to appear due to being hospitalized and the Tribal Court issued a bench warrant for her arrest. Upon her release from the hospital on January 24, 2002, Autumn appeared in the Tribal Court with a written statement from her attending physician. The Tribal Court vacated the bench warrant and Autumn was given another summons in the nature of an Order to Show Cause, ordering her appearance on January 25, 2002. The only specific information contained on either of the form summonses was “OTSC (Probation)” in cursive handwriting. No reference was made on either of the summonses regarding the allegation that Autumn was being charged with violating her probation; nor wras there any reference as to how or why she had violated her probation. At the conclusion of the January 25th hearing, Autumn’s probation was revoked and she was incarcerated in the Fort Peck Tribal Jail in Poplar, MT., where she has remained until the present.
In an attempt to determine what transpired at the January 15, 2002, and subsequent hearings, this Court conducted telephonic conferences with Kim Clark, Deputy Tribal Prosecutor and Clayton Renin, Lay Advocate representing Autumn. Due to lack of facilities[2], separate *242 conferences were held on two different days. Clark maintains that Autumn pled guilty to a new and different charge on January 15, 2002, and that she knew that she was being charged with violating her probation. Reum insists that Autumn pled not guilty to the new charge and that it was impossible for her to know just how or why she had violated her probation. Neither Clark, nor Reum, were present at any of the pertinent hearings.
This Court must review only the record and in this case the record falls far short of the mark. At a minimum, Autumn was entitled to notice as to why she was ordered into Court for violating her probation. Indeed, she was entitled to know that she had, in fact, violated her probation. Neither of the summonses comes close to placing her on proper notice. Even if she had hired an attorney to represent her, there would be no way the attorney could review the file and determine the nature of the charge to be defended on January 25, 2002.
It is clear that Autumn’s fundamental right to due process of law was violated when she was incarcerated. Accordingly, her petition for Writ of Habeas Corpus is granted[3].
IT IS NOW THEREFOR THE ORDER OF THIS COURT:
The Keeper of the Fort Peck Tribal Jail shall immediately release Autumn Black Cloud from their custody. This matter is remanded to the Tribal Court for further proceedings. In any subsequent proceeding based upon a new Order to Show Cause to replace the defective one noted herein, Autumn shall be given credit for any time served between January 25, 2002 and March 8, 2002.

. The record does not state the reason for Autumn's appearance in the Tribal Court. It is assumed that she was appearing on a new and separate charge and that the Court recognized her probationary status and then and there summoned her into Court at a later date to answer charges that she was in violation of her probation.

. No telephone instrument was available to the Chief Justice to make a conference call and no speaker phone was available at the Prosecutor’s office. Clark and Reum were however, in the same room and gave their express permission for the other to speak singularly to the Court.

, A writ of habeas corpus may be granted by either the Tribal Court or the Court of Appeals and, as a result, the denial of such a writ by our Tribal Court is not res judicata because it does not divest this Court of jurisdiction to grant a subsequent petition. (See Title VIII CCOJ 2000 § 404 and Title II CCOJ 2000 § 202(b)).